Chancellor Thompson.
The bill in this case is filed t® compel a specific performance óf a pretended parol agreement, specified therein.
From the testimony adduced to the court, it does not appear that the contract relied on has ever been entered into. The amount of the evidence is to this effect^ that after John Wolfe had become the purchaser of the land at sheriffs sale, he told several persons that'lie thought he could indemnify himself out of the sale of 500 acres of the land, and after doing so, he intended to give the surplus, 223 acres, to the children of complainant. The pro of is entirely deficient to establish a specific contract, and had it done so, the defendant interposes, the statute of frauds, which must'prevail.
It will he further observed that John Wolfe lived five or six years after the purchase, and the complainant never once suggested an idea of the claim set forth in the bill.
The defendants in this case comes into court and tells the complainants, pay back the money with the interest, and we will immediately reconvey the land to you; but no says the complainant, the value of land is not now as great by- 50 per cent as it Was when the purchase was made, and therefore I insist ox> having the amount of the purchase money, and the excess of the land under the pretended parol gift.
This pretention is so unjust, that admitting the statute of frauds was not in the way, the court would not sanction it.
It is ordered and decreed that the bill be dismissed with costs.
The complainant moved the court of appeals to reverse the decree of the circuit court, on the ground that the contract was clearly proved, and not within the statute of frauds:
1st. Because there was an entire performance' of the contract on the part of the complainants:
2d. Because the refusal to comply with the contract is &■ fraud on the complainant, and the statute was intended to prevent and not protect fraud;
Patterson, for the motion,
contended that the contract was sufficiently proved. That the statute of frauds does not apply to such a case, where one of the parties has performed fully and is bound. Sitgden Law of vend. 83. The facts shew clearly that there will be a fraud on complainant, if the agreement is not enforced. The lapse of time can have no effect against the complainant, but is rather favorable to his claim. The complainant has remained in possession ever since the sale. The defendant can have acquired no title by the statute of limitations, and the lapse of time can only be considered as evidence of acquiescence. But it is the defendants and their intestate who have acquiesced in the possession of the complainant; by forbearing to enforce their claims on the land, they have recognized his rights, and afforded additional presumptive evidence of the agreement. 1 Bridg, Big. 60/ Rob. on frauds, i48/ Sugden, 93.
Felder, contra.
The complainant comes after a lapse of eight years, to enforce a parol contract respecting lands, after the death of the person with whom the contract is alledged to have been made. The evidence by which the agreement is sought to be established is loose and uncertain, and consists altogether of declarations made after the sale. If established, it is within the statute of frauds; which can operate no fraud or injury to complainant. It is in his power to put himself in the same situation that he was before the agreement, as the defendants offer to,reconvey, upon being repaid the money advanced- and interest. 'No acquiescence can be imputed to defendants; who are minors; but the presumption is of force against the complainant, who has so long rested contented, knowing the legal title to be in them.
3d. Because the title, as to the 223 acres, having been transferred to Wolfe without any consideration, a trust results in favor of complainant.
Decree affirmed;
Chancellors Thompson, Desaussure, ffaWard, and James, concurring.